**ALD-013**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2367
_____

IN RE: C. JOSEPH MOS-BEY,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:20-cv-20719)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

October 20, 2022
Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 27, 2022)
_____

OPINION*
_____

**PER CURIAM**

Pro se petitioner C. Joseph Mos-Bey seeks a writ of mandamus to compel the

District Court to rule on a petition he filed pursuant to 28 U.S.C. § 2254. By order

entered on August 31, 2022, the District Court dismissed his petition and declined to

issue a certificate of appealability. In light of the District Court's action, Mos-Bey's

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

To the extent that Mos-Bey discusses the District Court's decision in his supplemental filings in this Court, mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004). If Mos-Bey wishes to seek appellate review of the District Court's decision with respect to his habeas petition, he may file a notice of appeal in the District Court within the time period set forth in Fed. R. App. P. 4(a)(1)(A).